*PAS*

AO 106 (Rev. 7/87) Affidavit for Search Warrant

# United States District Court

FILED
08 JAN 28 PH 12:52

CLERK U.S. DISTRICT C...
SOUTHERN DISTRICT OF... CALIF...

SOUTHERN _____ DISTRICT OF _____ CALIFORNIA

### In the Matter of the Search of

(Name, address or brief description of person or property to be searched)

**Premises known as:**
The subscriber/toll records, stored memory, active digital display and all other electronic features of one Nokia cellular telephone (Serial Number: 0551692LO07A8) and one Motorola BK60 cellular telephone (Serial number: 364VHNJ6QK).

## APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

CASE NUMBER: '08 MJ 0253

I _____ Jeffrey Pryor _____ being duly sworn depose and say:

I am a(n) **Special Agent, U.S. Immigration and Customs Enforcement** and have reason to believe

that ☐ on the person of or ☒ on the property or premises known as (name, description and/or location)

the subscriber/toll records, stored memory, active digital display, and all other electronic features of Nokia cellular telephone (Serial Number: 0551692LO07A8) and one Motorola BK60 cellular telephone (Serial 364VHNJ6QK), which was seized as evidence incident to the arrest of Diego COLIO and Joaquin CHAVEZ for Brining in and Harboring Certain Aliens; and the above specified cellular telephones are currently in the possession of the U.S. Border Patrol, Chula Vista, California.

In the **SOUTHERN** District of **CALIFORNIA**
there is now concealed a certain person or property, namely (describe the person or property to be seized)
**Attachment A**
Which is: (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)
**Fruits, evidence, and instumentalities of crimes against the United States,**

Concerning a violation of Title        **8**        United States code, Section(s)        **1324(a)(1)(A)**
The facts to support a finding of Probable Cause are as follows:
**See Attached Affadavit**

Continued on the attached sheet and made a part hereof.        ☒ Yes        ☐ No

_____
Signature of Affiant

Sworn to before me, and subscribed in my presence

_1/25/08_____ at    San Diego, California
Date                                        City and State

_Jan M. Adler   U.S. Magistrate Judge_
Name and Title of Judicial Officer

_____
Signature of Judicial Officer



**AFFIDAVIT**

I, Jeffrey Pryor, being duly sworn, hereby depose and say:

**A.    EXPERIENCE AND TRAINING**

1.    I am a Special Agent (SA) of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE).  As of May 2007, I am currently assigned to the Human Trafficking Division of the Deputy Special Agent in Charge, San Ysidro, California office.    The Human Trafficking Division is tasked with the responsibility of investigating, arresting, and prosecuting alien smuggling organizations that utilize the Southern District of California as an operational corridor.    These investigations are complex criminal investigations of mid to high-level criminal smuggling organizations.    In the course of my duties, I investigate and prepare for prosecution cases against persons involved in the inducement of illegal entry of undocumented aliens into the United States; the smuggling of undocumented aliens into the United States; the transportation and harboring of undocumented aliens within the United States; and the utilization of illegally-obtained, counterfeit, altered or genuine immigration documents by undocumented aliens to illegally gain entry or remain in the United States.

2.    Prior to being assigned to the Human Trafficking Division, between September 2001 and May 2007, I was a Border Patrol Agent with the U.S. Border Patrol in San Diego, California.  During my career with the U.S Border Patrol, I was detailed to the San Diego Sector Intelligence Department and the Federal Bureau of Investigation Human Trafficking group.  During my details to the Intelligence Department and the

Human Trafficking group, several smuggling organizations were targeted by investigations which resulted in the issuance of arrest warrants, search warrants, seizure warrants and the indictments and convictions of persons for alien smuggling including guides, drivers, recruiters, arrangers, document providers, and top-level managers.

3.    Throughout my career, I have received training and conferred with other Special Agents, Border Patrol Agents, narcotics investigators, law enforcement professionals and others (including suspects, defendants and informants) in the operation of cellular and digital telephones and other electronic devices used by alien smugglers in the normal course of their illicit activities.    During the course of alien smuggling investigations and training, I have learned that alien smugglers and others involved in such criminal conspiracies use digital and cellular telephones, in part, to increase their mobility, and to provide themselves with instant access to telephone calls and voice messages.    Alien smugglers also use digital and cellular telephones, in part, because of their belief in the inability of law enforcement personnel to simultaneously track the originating and destination telephone numbers of calls placed to and from their digital and cellular telephones.    In addition, alien smugglers and others involved in such criminal conspiracies use digital and cellular telephones because they provide greater insulation and protection against court-ordered wiretaps.

4.    In preparing this affidavit, I have conferred with other agents and law enforcement personnel who are experienced in the area of alien smuggling investigations, and the opinions below are shared by them.    Further, I have personal knowledge of the following facts, or have had them related to me by persons mentioned in this affidavit. Because this affidavit is being submitted for the limited purpose of establishing probable

cause to support issuing of a search warrant, it does not include all the facts that have been learned during the course of investigation. When the contents of documents or statements of others are reported herein, they are reported in substance and part unless otherwise indicated.

### B.   LOCATION TO BE SEARCHED

5. I believe that I have probable cause to search the subscriber/toll records, stored memory, active digital display, and all other electronic features of one Nokia 1200 cellular telephone (Serial number 0551692LO07A8) seized as evidence from Joaquin CHAVEZ-CARVAJAL, following his arrest for violation of INA 212(a)(6)(A) Alien Present without Admission or Parole and suspected violation of Title 8 USC 1324(a)(1)(A) Brining in and Harboring Certain Aliens and one Motorola BK60 cellular telephone (Serial number: 364VHNJ6QK) seized as evidence from a 2000 Dodge Caravan, that was used during an attempt to smuggle undocumented Mexican nationals into the United States on January 22, 2008, which is a violation of Title 8 USC 1324 (a)(1)(A) Bringing in and Harboring Certain Aliens. The vehicle attempted to abscond from Border Patrol Agents and subsequently crashed after the driver lost control and resulted in significant injuries for all 6 occupants. The Motorola cellular telephone was thrown from the vehicle during the crash and recovered approximately 20 feet from the van's final resting place.

6. The specified telephones is currently in the possession of United States Border Patrol, Chula Vista, California.

## C.    ITEMS TO BE SEIZED

7.  Based upon my experience and training, and all of the facts and opinions set forth in this affidavit, I believe that the following items will be found in the location to be searched described in paragraph 5, supra:

      a.  the telephone number and name/identity assigned to the telephone;

      b.  telephone numbers, names and identities stored in the directory;

      c.  telephone numbers dialed from the telephone;

      d.  all other telephone numbers stored in the telephone's memory (including, but not limited to: received, missed and incomplete calls);

      e.  any other electronic information in the stored memory and/or accessed by the telephone (including, but not limited to: text messages, voice messages and memoranda);

      f.  any electronic photographs, voice recordings, voice notes, calendar information; and

      g.  subscriber information

which evidences the existence of a conspiracy to smuggle undocumented aliens into the United States in violation of law.

## D. STATEMENT OF FACTS

8.  On January 22, 2008, I was contacted by Supervisory Border Patrol Agent Clay Liedecke regarding a vehicle accident involving suspected illegal aliens and the U.S. Border Patrol.  Immigration and Customs Enforcement is charged with conducting follow-up investigations on the alien smuggling organization when the vehicle fails to yield from immigration officers and subsequently crashes or results in injuries to

agents/officers, involved persons, and/or any other person. Upon arriving on scene I was advised of the following information.

9.     On January 22, 2008, Border Patrol Agents attempted to conduct a vehicle stop on a 2000 Dodge Caravan for suspected immigration violations. Upon attempting to stop the vehicle, the driver sped up and attempted to abscond from the Border Patrol Agents. After a short pursuit agents discontinued their pursuit of the vehicle. The vehicle was observed by Border Patrol Agents violating numerous traffic laws, including running red lights, driving into on-coming traffic lanes, and driving in the emergency lane near the center median.

10.     After curbing their pursuit of the suspected van, the vehicle continued to travel at a high rate of speed on Highway 905 towards Interstate 805. Approximately one mile east of the Interstate 805 Northbound on-ramp, the driver lost control of the vehicle. The vehicle veered across two lanes of travel, flipped end over end an unknown number of times and came to rest on the northern embankment of Highway 905.

11.     During the crash, the driver was identified as Diego COLIO. When agents arrived at the vehicle following the crash, COLIO was seated in the driver's seat with his seatbelt secured. The other occupants of the vehicle were all ejected from the vehicle as it flipped. Joaquin CHAVEZ was found by agents near the vehicle with a cellular telephone in his hand, Nokia 1200 (Serial number 0551692LO07A8). The cellular telephone was seized by U.S. Border Patrol Agents as evidence.

12.     Among the individuals thrown from the van after crashing was Erica GARCIA-MARTINEZ. GARCIA-MARTINEZ admitted she is a Mexican national and had no legal right to enter or remain in the United States. According to GARCIA-

MARTINEZ, CHAVEZ guided her and two other individuals from the Republic of Mexico into the United States on or about January 20, 2008.  All four, including CHAVEZ and GARCIA-MARTINEZ, were apprehended by law enforcement agents and CHAVEZ and GARCIA-MARTINEZ were removed back to the Republic of Mexico. According to GARCIA-MARTINEZ, CHAVEZ again guided her across the border into the United States the morning of January 22, 2008, where they met up with the van driven by COLIO.

13.  After medical personnel treated and removed all of the victims and suspected alien smugglers, Border Patrol Agents conducted a search of the immediate area for evidentiary purposes.  Agents discovered a cellular phone, Motorola BK-60 (Serial number: 364VHNJ6QK), approximately twenty feet north of the vehicle on the northern embankment of Highway 905.  Based upon its proximity to the crash site and the light covering of dirt, agents believe this telephone was ejected from the vehicle during the crash.

14.  Based upon my experience and investigation in this case, I believe that the two cellular telephones were used to aid the COLIO and CHAVEZ in their conspiracy to smuggle undocumented aliens into the United States in violation of Title 8 USC 1324(a)(1)(A) Bringing or Harboring Certain Aliens.

### E. CONCLUSIONS

15.  Based upon my experience and training, consultation with other agents in alien smuggling investigations, consultation with other sources of information, and the

facts set forth herein, I know that the items to be seized set forth _supra_ in Section C are

likely to be found in the location to be searched described _supra_ in Section B.


Jeffrey Pryor
Special Agent
U.S. Immigration and Customs Enforcement


SUBSCRIBED TO AND SWORN TO
Before me this 25th day of November, 2007
January, 2008

UNITED STATES MAGISTRATE JUDGE



**ATTACHMENT A**

One black/grey Nokia cellular telephone (Serial Number: 0551692Lo07A8);

One black/white Motorola BK60 cellular telephone (Serial Number:  364VHNJ6QK).

## ATTACHMENT B

## ITEMS TO BE SEIZED

a.  the telephone number and name/identity assigned to the telephone;

b.  telephone numbers, names, and identities stored in the directory;

c.  telephone numbers dialed from the telephone;

d.  all other telephone numbers stored in the telephone's memory (including, but not limited to: received, missed and incomplete calls);

e.  any other electronic information in the stored memory and/or accessed by the telephone (including, but not limited to: text messages, voice messages, and memoranda);

f.  any electronic photographs, voice recordings, voice notes, calendar information; and

g.  all subscriber information

which EVIDENCES THE EXISTENCE of a conspiracy to smuggle undocumented aliens into the United States IN VIOLATION OF LAW.